Murray H. Pearlman, J.
In this summary proceeding for nonpayment of rent the landlord seeks to recover rent at the rate of $115 per month for the months of November and December, 1961 and January, 1962.
Although the tenant admitted that she did not pay the rent demanded, :she alleges that the maximum rent is $97.75 per month.
Her counterclaims demanded that the landlord repay three times the overcharges of rent demanded, received and retained by her for the two-year period immediately past, which totaled $414, at the rate of $17.25 per month; also $300 for the $100 paid by the tenant for repairs to the building, required and necessary because of Building Department violations against the property and landlord, which the tenant alleges amounts to additional excess rents. She also demanded $1,000 additional for counsel fees.
The uncontradicted evidence established that the landlord purchased the property October 7, 1959, which was a legal Class B rooming house of 11 rooms and 3 baths. There was no registration on file for the underlying lease. The tenant never had a written lease but has continuously occupied this building since 1941.
The tenant alleged that she paid a rental of $85 per month from 1941 to 1953 after which she paid $100 per month, after the equalization adjustment. She also stated that she thereafter paid $115 per month because of her friendship with the then landlord. Her testimony indicated that the landlord, from the beginning of her tenancy, was to and did provide and pay for all major and structural repairs and that her obligation for repairs was limited to minor repairs.
Tenant stated that she told the landlord that the maximum rent was $97.75 per month and of the repairs the landlord was to provide, but was willing to pay $115 per month if she received a five-year lease and five-year renewal option on those terms. She also claimed that the landlord agreed to execute such a lease and that she continued to pay rent at the rate of $115 per month because of this promise. The landlord then changed her mind and by mesne proceedings unsuccessfully attempted to evict the tenant. The tenant made these court records part of the within action.
The record in L&T 943/60, decided by this court (Franklin W. Morton, J.) February 10, 1960 clearly indicated the tenant el aims that the maximum rent was $97.75 per month and that *389 the landlord was to provide and pay for all major and structural repairs.
The landlord, however, continued to demand and received rent at the rate of $115 per month and also refused to provide all necessary repairs, despite Building Department violations. By four separate court proceedings she unsuccessfully sought to evict the tenant or to recover expenses allegedly incurred.
The landlord admitted receiving a letter from the tenant’s attorney on November 1,1961, which demanded that the landlord repay to the tenant $514, the excess rents collected, plus $500 additional for legal fees, and to refrain from her illegal attempts to evict the tenant — otherwise the tenant would demand three times all rent overcharges. The landlord refused to comply with these demands.
The landlord also admitted that she did not file a registration as required by the rent regulations, until February, 1962. The landlord introduced into evidence the rent office proposal which established that the rent, as of May 1, 1953, amounted to $97.75 and that the landlord was to provide interior and exterior repairs and painting.
This court, on all the written evidence and oral testimony, finds as a fact: (1) That the tenant paid a rent of $85 per month on March 1, 1953; (2) that the maximum rent, after the equalization adjustment of May 1, 1953, amounted to $97.75 per month; (3) that the landlord was required to provide and pay for all major and structural repairs and the tenant required to do so for minor repairs; and (4) that the tenant never executed any written lease for this property.
The court also finds that the repair items of $100 which the tenant was compelled to pay — because of Building Department violations and for required and necessary repairs — was involuntary and constitutes additional excess rents.
The record clearly establishes that the landlord knew that the maximum rent is $97.75 per month and that she was required to provide and pay for major and structural repairs, which the Building Department violations were.
The landlord failed to establish that her excess collection of rents was neither willful nor the result of her failure to take practicable precautions against the occurrence of the violations. The court finds as a fact that the collections of $414 in rent for the two years past at the rate of $17.25 was willful, as wras the involuntary payment by the tenant of $100 for necessary repairs.
This court, therefore, awards to the tenant three times the rent overcharges of $514 or $1,542 plus an additional $1,000 *390 as reasonable counsel fees, and costs. The judgment of $2,555 against the landlord, filed February 19, 1962, shall be modified accordingly.
The landlord’s petition for rent is defective because it demands rent at the rate of $115 per month and, therefore, must be dismissed. The landlord, however, can deduct from the judgment rent at the rate of $97.75 per month, for the months described in her petition, or the total sum of $293.25. Enter judgment for the tenant on her counterclaim, as aforesaid.